Case 1:17-cv-00006 Document 12 Filed on 07/18/17 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EVARISTO GUTIERREZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:17-cv-06 |
| | § | |
| WAL-MART STORES, INC., | § | |
| ET AL., | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of "Defendants' Motion for Summary Judgment and Memorandum in Support Thereof" (hereinafter, Defendants' "Motion"). Dkt. No. 11. Defendants' Motion was filed on June 15, 2017. *Id*. Plaintiff Evaristo Gutierrez has not filed a response to Defendants' Motion, or timely moved for an extension of time to respond to the Motion. For below-provided reasons, it is recommended that the Court **GRANT** Defendants' Motion and direct the Clerk of the Court to close this case.

### I. Jurisdiction

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

### II. Legal Standards

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In

pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. 242, 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id*. at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. 242, 257. All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

Local Rule 7.4 provides that a party's failure to respond to a motion "will be taken as a representation of no opposition." *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. Nevertheless, "a district court may not grant summary judgment by default simply because there is no opposition to the motion[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016); *Solis v. Wal-Mart Stores E., L.P.*, No. CIV.A. B-07-205, 2010 WL 968150, at *1–2 (S.D. Tex. Mar. 11, 2010) (same). To obtain summary judgment when the nonmoving party has failed to respond, the movant must demonstrate an entitlement to summary judgment as a matter of law. *Atain Specialty Ins. Co.*, 226 F. Supp. 3d 807, 813 (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. l985)).

To prevail on a claim for premises liability against a defendant, a plaintiff must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and, (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

### III. Discussion

Defendant, Wal-Mart Stores Texas, L.L.C., removed this action from the 197th District Court of Cameron County, Texas, to this Court, on January 18, 2017.

Dkt. No. 1 at 1-4. Gutierrez's Original Petition contains one cause of action. Dkt. No. 1-1 at 4. Specifically, Gutierrez's Original Petition asserts a premises liability cause of action based on Defendants' alleged actual or constructive knowledge of an unreasonably dangerous condition at its "Wal-Mart Store #1000," where Gutierrez slipped on a greasy substance on the floor and fell. *Id* at 3-4.

Gutierrez claims that Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Gutierrez. Dkt. No. 1-1 at 4. This included a duty to inspect, a duty to warn, and a duty to cure. *Id*. Gutierrez contends that Defendants breached their duties of ordinary care, which proximately caused Gutierrez's injuries. *Id*. Defendants argue they are entitled to summary judgment as a matter of law because Gutierrez "cannot raise a material fact dispute on the elements that [Defendants] had actual or constructive notice of the condition[.]" Dkt. No. 11 at 4.

"Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident[.]" *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008) (per curiam). "Circumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference supports that conclusion.'" *Stewart*, 249 S.W.3d at 415 (quoting *State v. Gonzalez*, 82 S.W.3d 322, 330 (Tex. 2002)). When determining if a premises owner has actual knowledge of a condition that presents an unreasonable risk of harm, "courts generally consider whether the owner had received reports of prior injuries or reports of the potential danger presented by the condition." *Tex. S. Univ. v. Gilford*, 277 S.W.3d 65, 70 (Tex. App.—

Houston [1st Dist.] 2009, pet. denied) (citing *Brinson Ford, Inc. v. Alger*, 161, 163 (Tex. 2007) (per curiam)).

To hold a defendant liable on the basis that it had constructive knowledge of the condition that caused the injury-producing event, a plaintiff must show that the dangerous condition had existed for a sufficient period of time such that the defendant had a reasonable opportunity to discover the condition. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000). Temporal evidence, that is, evidence pertaining to how long the dangerous condition had been present, best indicates whether the owner had a reasonable opportunity to discover and remedy the dangerous condition. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). Generally, liability cannot be imposed upon a defendant for failing to discover and rectify a dangerous condition under a constructive notice theory without temporal evidence. *Id.*

Gutierrez testified that he did not know how the substance he slipped on got on the floor, and he did not know how long the substance had been on the floor. Dkt. 11-2 at 2-3. He also stated that Defendants' employees did not say anything to indicate that they were aware of the substance's presence on the floor prior to his fall. *Id.* Additionally, an assistant manager of Wal-Mart Store #1000 testified that he did not see the spill and had received no prior reports of a spill on the day Gutierrez sustained his alleged injury. Dkt. No. 11-3 at 2, 4. Gutierrez has not presented any evidence indicating that Defendants caused the substance to fall on the floor, or knew or should have known about the substance prior to his fall. Thus, Gutierrez has failed to present a material question of fact with respect to whether

Defendants possessed actual or constructive knowledge of the alleged dangerous condition. Summary judgment, is therefore, appropriate.

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court **GRANT** Defendants' Motion (Dkt. No. 11), and direct the Clerk of the Court to close this case.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 18th day of July, 2017.

_____
Ignacio Torteya, III
United States Magistrate Judge